UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| REBECCA MAY WAHLEY, ) | |
| ) | |
| Plaintiff ) | Case No. 1:07-cv-295 |
| ) | |
| v. ) | Honorable Janet T. Neff |
| ) | |
| WAL-MART STORES EAST, L.P., ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |
| _____) | |

This is a civil action originally filed in Eaton County Circuit Court on February 21, 2007 arising from termination of plaintiff's employment in 2005. Plaintiff's complaint consists of five counts: (1) age discrimination in violation of Michigan's Elliott-Larsen Civil Rights Act; (2) sex discrimination in violation of Elliott-Larsen: (3) breach of an implied employment contract; (4) discharge against public policy; and (5) intentional infliction of emotional distress. Plaintiff's complaint requests damages for loss of earnings, loss of earning capacity, loss of benefits, loss of career opportunities, humiliation and embarrassment, emotional distress, physical distress, financial distress, loss of reputation, and "loss of the ordinary pleasures of everyday life, including the right to pursue [her] gainful occupation of choice." (Complaint ¶¶ 45, 54, 61, 67, 68). Plaintiff further requests an award of exemplary damages, costs, interest, attorney's fees, and equitable remedies, including reinstatement. (*Id.*, ¶ 77). Defendant removed the lawsuit to federal court on the basis of diversity jurisdiction. 28 U.S.C. §1332.

Throughout this lawsuit plaintiff has repeatedly violated this court's orders. She has acted in bad faith and obstructed defendant's legitimate discovery efforts. Monetary sanctions and repeated warnings from the court of the possibility of preclusive sanctions, including the possible entry of a default judgment in defendant's favor, have proven inadequate to secure plaintiff's compliance with the court's orders. Plaintiff's misconduct has prejudiced the defendant. For the reasons stated herein, I recommend that judgment be entered in defendant's favor on all plaintiff's claims as a Rules 37(b)(2) sanction.

### Proposed Findings of Fact

On November 9, 2007, United States District Judge Janet T. Neff conducted the Rule 16 scheduling conference, and shortly thereafter, entered a case management order. (11/20/07 Case Management Order, docket # 10). Judge Neff ordered that plaintiff disclose her lay witnesses no later than December 7, 2007. All discovery was to be completed by May 15, 2008. (*Id.*). Plaintiff did not disclose her witnesses as required by Judge Neff's order. Telephone calls and a letter by defendant's attorney, Michael P. Palmer, to plaintiff's attorney, Denise M. LaFave Smith, failed to result in disclosure of plaintiff's witness list. (Michael P. Palmer Aff., ¶ 3, docket # 42).[1]

On January 29, 2008, defendant served its first set of interrogatories and request for production of documents. Defense counsel's cover letter requested plaintiff's witness list. Enclosed with the letter was a notice scheduling plaintiff's deposition for March 27, 2008. (Palmer Aff. ¶ 4; Ex. 2). Plaintiff did not answer defendant's interrogatories or produce the requested documents. In the absence of a response, defendant's attorney sent another letter to plaintiff's attorney reiterating

---

[1] All references to the Palmer affidavit in this report and recommendation are to Mr. Palmer's corrected affidavit. (docket # 42).

the request for plaintiff's witness list and attempting to confirm that plaintiff would be available for her March 27, 2008 deposition. (Palmer Aff. ¶ 5; Ex. 3).

On March 24, 2008, Palmer sent a letter to Ms. LaFave Smith advising that the absence of a response to defendant's interrogatories and requests for production of documents made it necessary to reschedule plaintiff's deposition. Mr. Palmer advised that the dates of April 28, 30 and May 1, 5 and 6 were available on his calendar. Mr. Palmer notified Ms. LaFave Smith that defendant anticipated filing a motion to compel discovery unless it received the plaintiff's long-overdue witness list and the answers to the written discovery requests, or at least received some communication from LaFave Smith by March 26, 2008 regarding when defendant could anticipate plaintiff's response. (Palmer Aff. ¶ 6; Ex. 4). Palmer's March 31, 2008 letter confirmed that the parties had agreed to reschedule plaintiff's deposition for April 29, 2008. The same letter emphasized that none of the other discovery problems had resolved, and that defendant intended to file a motion to compel later that week. (Palmer Aff. ¶ 7, 8; Ex. 5).

On April 1, 2008, defendant filed a motion to compel. (docket # 16). Plaintiff ignored the motion and did not file a brief in opposition. On April 18, 2008, the court conducted a hearing on the motion to compel. Attorney LaFave Smith appeared and agreed that plaintiff had not responded to defendant's interrogatories or request for production of documents. She agreed that under the Federal Rules of Civil Procedure that defendant was entitled to recover the costs and reasonable attorney's fees related to the motion to compel. The court found that an award of $1000 was reasonable, and neither side objected. The court found that plaintiff's failure to respond to defendant's written discovery requests had seriously impeded defendant's ability to take plaintiff's deposition. Plaintiff's deposition had originally been scheduled for March 27, 2008, and was later

pushed back to April 29, 2008. The court informed the parties that it would be ordering that plaintiff's deposition take place in May 2008. On April 21, 2008, the court entered the following order:

> IT IS ORDERED that defendants' motion to compel discovery (docket # 16) be and hereby is GRANTED. No later than April 25, 2008, plaintiff shall comply with the case management order by disclosing in writing all testifying lay witnesses. By the same date, plaintiff shall serve full and complete answers, under oath, to defendants' first interrogatories and shall produce all documents described in defendants' request for production of documents. All objections are deemed waived.
>
> IT IS FURTHER ORDERED that costs in the amount of $1,000.00 are hereby taxed in favor of defendants and against plaintiff pursuant to Fed. R. Civ. P. 37(a)(5), payable within 21 days hereof.
>
> IT IS FURTHER ORDERED that plaintiff shall submit to oral deposition during the month of May 2008, on a date to be agreed upon by counsel.
>
> **Plaintiff is warned that any violation of this discovery order or plaintiff's discovery obligations under the Federal Rules of Civil Procedure may result in the imposition of sanctions as described in Fed. R. Civ. P. 37(b)(2), including dismissal of this action.**

(4/21/08 Discovery Order, docket # 23)(emphasis in original).

During the April 18, 2008 hearing, the court addressed other deadlines in the case management order. Attorney LaFave Smith had represented that a death in plaintiff's family was a factor contributing to plaintiff's failure to respond to defendant's discovery requests. On the basis of this representation, the court found "good cause" to modify the case management order. Furthermore, the parties agreed that plaintiff had been employed by Wal-Mart Stores, East L.P. and that it was the proper defendant. On April 21, 2008 the court entered its order modifying some of the case management order's deadlines and dismissing two Wal-Mart entities that had erroneously been named as defendants:

> A. By stipulation stated on the record, defendants Wal-Mart Stores, Inc. and Wal-Mart Associates, Inc. are hereby DISMISSED from this action without prejudice, leaving Wal-Mart Stores East, Limited Partnership as the sole defendant.
>
> No later than April 28, 2008, defendant shall file a statement identifying the identity and citizenship of all general and limited partners of Wal-Mart Stores East, LP, to establish the existence of diversity jurisdiction under 28 U.S.C. § 1332(a).
>
> B. The discovery deadline is extended to August 15, 2008.
>
> C. The dispositive motion deadline is extended to September 30, 2008.
>
> D. A settlement conference will be conducted before Magistrate Judge Joseph G. Scoville on Wed., June 11, 2008, at 2:00 p.m., Room 712, Ford Federal Building, Grand Rapids, Michigan.
>
> Except as thus modified, all dates and deadlines in the case management order (docket # 10) remain in effect.

(4/21/08 Order Modifying Schedule, docket # 24). The defendant's April 28, 2008 statement regarding the identity and citizenship of defendant's general and limited partners (docket # 25) supported the court's continued exercise of diversity jurisdiction.

Plaintiff did not comply with the court's April 21, 2008 discovery order. The April 25, 2008 deadline passed without plaintiff any action by plaintiff to disclose in writing all testifying lay witnesses. Plaintiff did not answer defendant's interrogatories and did not produce the requested documents. She did not pay defendant the $1,000.00 in Rule 37 sanctions by the May 12, 2008 deadline, or at any time thereafter. (Palmer Aff. ¶¶ 10, 11; Exs. 6, 7).

In mid-May 2008, plaintiff supplied defendant with incomplete answers to interrogatories and requests for production of documents. (Palmer Aff. ¶ 11). Among other things, plaintiff attempted to interject numerous objections, ignoring the fact that the court's April 21, 2008 order had ruled that all such objections had been waived. On June 3, 2008, Attorney Palmer wrote a letter to Attorney LaFave Smith regarding plaintiff's failure to provide complete answers to

numerous interrogatories and failure to produce requested documents. (Palmer Aff. ¶ 13; Ex. 10).

On June 10, 2008, defendant filed a motion requesting that the court adjourn the June settlement conference, because plaintiff had not yet provided defendant with the discovery it was entitled to under the court's April 21, 2008 discovery order, and therefore the case was not yet in a posture where meaningful settlement discussions would be possible. (Motion to Reschedule Settlement Conference, docket # 27). On June 10, 2008, the court granted defendant's motion and entered an order adjourning the settlement conference to July 2, 2008. (6/10/08 Order, docket # 30).

On June 25, 2008, defendant filed a second motion to compel discovery (docket # 31) and a companion motion requesting that the July settlement conference be adjourned (docket # 34). On June 26, 2008, the court entered an order adjourning the July settlement conference, requiring that plaintiff appear for her July 1, 2008 deposition, notifying the parties of the date defendant's second motion to compel would be heard, and ordering that plaintiff file a brief in response to defendant's motion on or before July 14, 2008:

> Defendant has filed a motion to reschedule the settlement conference, now set for July 2, 2008. Because of the difficulties created by plaintiff's violation of her discovery obligations, the court concurs that the time is not right for a settlement conference. Defendant's motion to reschedule the settlement conference (docket # 34) is hereby GRANTED. The settlement conference is adjourned without date.
>
> Plaintiff is hereby ORDERED to attend her oral deposition on July 1, 2008, at the time and place set forth in defendant's notice. If plaintiff fails to appear for her oral deposition, this case may be dismissed, or other sanctions imposed, as authorized by Rule 37(b) of the Federal Rules of Civil Procedure.
>
> Defendant's second motion to compel discovery (docket # 31) will be heard on Wed., July 16, 2008, at 10:00 a.m., Courtroom 740, Ford Federal Building, Grand Rapids, Michigan. Plaintiff must file a response to the motion no later than July 14, 2008. In addition to addressing the motion, the parties should be prepared to discuss an appropriate date for a settlement conference in this case.

(6/26/08 Order, docket # 37).

       Plaintiff appeared for her July 1, 2008 deposition, but she refused to testify regarding the damages that she had allegedly occurred as a result of the defendant's actions. (Palmer Aff. ¶ 19, 20-25; Ex. 12). These three excerpts from plaintiff's deposition are representative samples:

> Q.     Would you look at your answer to interrogatory number 13?
>
> A.     Okay.
>
> Q.     An then on the next page, I believe.
>      You're claiming that you're entitled to economic damages of lost wages.
>
> A.     Okay.
>
> Q.     Are you claiming that your entitled to economic damages?
>
> A.     I believe that's what I hired my lawyer for, to come up with that amount or to come up with that answer. I can't answer that.

* * *

> Q.     You claim you've suffered noneconomic damages: depression, anxiety, humiliation, embarrassment; is that right?
>
> A.     I got fired from my job. Yes.
>
> Q.     What amount of damages do you claim for those noneconomic damages?
>
> A.     We have not discussed that. I haven't -- I don't have an answer at this time for you.
>
> Q.     This case has been filed since 2006 [sic], and you're saying you don't have a calculation for your damages in this case?
>
> A.     You can talk to my lawyer about that. I can't answer that at this time.

* * *

> Q.     I want to ask you about your claims in this case. Are you seeking damages for emotional distress?
>      You know, Actually I just -- when I -- are you claiming damages. Ms. Wahley, as a result of claims of emotional distress?
>
> A.     I can't answer you at this time. I can't remember.

> Q. Do you --
>
> A. You can ask my lawyer that.
>
> Q. Do you -- do you believe you've suffered emotional injuries, emotional distress, as a result of your termination from Wal-Mart?
>
> A. I can't answer you right now. I can't answer you right now. I can't do it.
>
> Q. Why?
>
> A. Because I can't think right now. I cannot answer you at this time.

(Ex. 12 at 231, 236-37, 254). Because plaintiff had refused to answer questions related to her claims for damages, Attorney Palmer was forced to adjourn plaintiff's deposition without concluding his examination. Attorney LaFave Smith agreed that she would produce plaintiff at a later date for the remainder of her deposition. (Palmer Aff. ¶ 25, 26; Ex. 13). Plaintiff has never provided defendant with a date or dates when plaintiff would be available for the completion of her deposition.

In violation of the court's June 26, 2008 order, plaintiff failed to file a brief in response to defendant's second motion to compel discovery. On July 16, 2008, the court conducted a hearing on defendant's second motion to compel discovery. Attorney Palmer was present for defendant. Plaintiff and her attorney failed to appear for the hearing. Palmer advised the court that as of the date of the hearing, plaintiff had not filed a witness list, had not paid the sanctions, had not provided a calculation of her claimed damages, had not provided records regarding her earnings, and had not supplied information regarding her treating physicians. He related that plaintiff's deposition had not been completed on the date ordered by the court because plaintiff had obstinately refused to testify regarding her damages. The court found that plaintiff had violated its orders, acted in bad faith, and prejudiced defendant's ability to defend this lawsuit. The court's prior warnings of the possible dismissal of this lawsuit went unheeded. Plaintiff simply ignored the court's order requiring

that she pay defendant $1000 in Rule 37 sanctions on or before May 12, 2008. On July 16, 2008, the court entered the following order:

> Plaintiff has failed to respond to defendant's second motion to compel discovery, despite this court's express order to do so, and failed to appear for a hearing on the motion scheduled for July 16, 2008. Plaintiff's obstruction of discovery and refusal to abide by the orders of this court have impeded the progress of this case. Accordingly:
>
> IT IS ORDERED that all dates and deadlines in this case are SUSPENDED without date. Defense counsel is directed to file an affidavit documenting plaintiff's failures to respond to deposition questions on July 1, 2008. I will thereafter file a report and recommendation that this case be dismissed with prejudice as a sanction under Rules 16([f]) and 37(b) of the Federal Rules of Civil Procedure.

(7/16/2008 Order, docket # 40). On July 18, 2008, Palmer filed an affidavit and excerpts of the deposition transcript illustrating plaintiff's refusal to provide answers to Palmer's questions regarding plaintiff's damages. He filed a corrected affidavit on July 21, 2008. (docket #'s 41, 42). Plaintiff has not disputed anything Palmer stated in his corrected affidavit and filed nothing in response to defense counsel's affidavit. Thus, despite express notice for several weeks that this report and recommendation recommending dismissal with prejudice would be forthcoming, plaintiff has made no effort to comply with her discovery obligations under the court's previous orders.

**Discussion**

Rule 37(b) of the Federal Rules of Civil Procedure authorizes the imposition of sanctions for a party's failure to obey an order requiring discovery. Rule 37(b) sanctions are discretionary, and are reviewed by the Court of Appeals under an abuse-of-discretion standard. *See Freeland v. Amigo*, 103 F.3d 1271, 1276 (6th Cir. 1997). The strongest sanction available in the court's arsenal for dealing with discovery abuses is the entry of a default judgment against a defendant or an order of dismissal against a plaintiff. *See Grange Mut. Cas. Co. v. Mack*, 270 F.

App'x 372, 376 (6th Cir. 2008). In determining the appropriate sanction, the Sixth Circuit has directed trial courts to consider four factors (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to the sanction; and (4) whether less drastic sanctions were first imposed or considered. 103 F.3d at 1277; *accord Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154-55 (6th Cir. 1988). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002). All four factors weigh heavily in favor of the sanction of entry of judgment in defendant's favor on all plaintiff's claims. Plaintiff has repeatedly, willfully and in bad faith violated this court's orders as described in the preceding section of this report and recommendation. She has derailed the orderly progress of this case towards trial, and defendant has been severely prejudiced by her actions. The fault does not lie with counsel alone, as plaintiff herself continuously refused to answer relevant questions at her deposition. The court has warned plaintiff that her failure to cooperate could lead Rule 37(b) sanctions, including entry of judgment in defendant's favor. Lesser sanctions have been imposed, but they have not resulted in plaintiff's compliance with her discovery obligations.

**Recommended Disposition**

For the reasons set forth above, I recommend that judgment be entered in defendant's favor on all plaintiff's claims as a Rule 37(b)(2) sanction.


Dated: August 7, 2008          /s/  Joseph G. Scoville
                               United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).